**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 06-20180

LEROY PLUMMER,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR CASE REASSIGNEMENT**

Defendant has filed a Motion to Reassign Case pursuant to E. D. Mich L. Cr. R. 57.10(b)(4)(A)(ii). Local Criminal Rule 57.10(b) provides as follows:

(b) Reassignment of Criminal Cases.

    (1) Cases shall be reassigned only by order of the Court.

    (2) To promote docket efficiency, or to conform to the requirement of any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a criminal case to be reassigned, but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.

    (3) Reassignment of cases because of a change in judicial personnel shall be in accordance with an administrative order authorized by the Court.

    (4) Companion Cases.

        (A) Companion cases are those cases in which it appears that:

            (i) substantially similar evidence will be offered at trial, or

            (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

First, among other things, case reassignment under this Rule requires "the consent of the Judge to whom the case was originally assigned and with the consent of

the Judge to whom it is to be reassigned." There is no indication that the other judge to whom a purportedly companion case is currently assigned has consented to reassignment, and Defendant's motion is, to that extent, flawed and unsupported.

Second, and more fundamentally, Defendant alleges that Kevin Foster Bey, his partner-in-crime in the present case – an ATM theft – awaits sentencing before Hon. Arthur Tarnow upon his conviction of a different offense – a bank robbery– concerning which Defendant Plummer provided information including testimony. Defendant alleges that based upon this interrelationship, the present case constitutes a "companion case" under L. Cr. R. 57.10(b)(4)(A)(ii). The court is not convinced. The essence of a companion *case* is the case itself, *i.e.,* one that arises out of the same transaction or occurrence. The fact that the defendants are "related" in the commission of various crimes at various times is insufficient.

IT IS ORDERED that the Defendant's Motion to Reassign Case [Dkt. # 15] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2006, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522