**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

       Petitioner,

v.                                                    Case No. 06-20180

LEROY PEEWEE PLUMMER,

       Respondent.

_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S FILING AS
MOTION FOR RESENTENCING AND DENYING MOTION**

Defendant Leroy Plummer pleaded guilty to bank robbery in 2005, and this court sentenced him to 55 months' imprisonment. (Dkt. # 24.) Defendant began his supervised relief on December 30, 2010. Within two years, however, and while still on supervised relief, Defendant was arrested and pleaded guilty for unlawfully possessing a firearm and violating the terms of his supervised relief. (Dkt. # 36.) This court sentenced him to 51 months' imprisonment for the felon-in-possession charge, and an additional 24 months for the supervised release violation. (*Id.*) According to the Bureau of Prisons, Defendant's projected "out date" is April 21, 2018. (Dkt. # 39, Pg. ID 340.)

On November 30, 2016, Defendant mailed the court a handwritten letter explaining that his wife, Alice Fae Owens, had entered a medically-induced coma and would soon pass away from endometrial cancer. (Dkt. # 36.) Defendant attached his marriage certificate, a mental health progress report and affidavits detailing Mrs. Owens's inability to care for herself, and a durable power of attorney naming Defendant as her caregiver. (Dkt. ## 36, 37.) Defendant asked the court to "put [him] on house

arrest or find some way for [him] to be able to take care of [his] wife because losing her would be really bad for [him]." (Dkt. # 36.) The court interpreted Defendant's letter as a motion for resentencing and called for a response from the government. (Dkt. # 38.)

The government responded, arguing that the court lacked jurisdiction to alter Defendant's sentence. (Dkt. # 39.) Defendant replied, stating that he "concurs with the government on the authorities it cited within its brief" and asks the court and the government to "for their mercy and discretion to earlier release Defendant to a halfway house, house arrest[,] or send him back to county jail" so that he might care for his wife. (Dkt. # 40.)

The court does not have the power to grant Defendant's request. As the government correctly explained in its brief, the court's ability to modify a term of imprisonment after it has been imposed is severely limited by statute. *See United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008). Federal Rule of Criminal Procedure 35(a) and (b) give the court a limited ability to correct technical errors within 14 days of sentencing and reduce sentencing upon the government's request when defendants have provided "substantial assistance in investigating or prosecuting another person." However, neither rule applies to Defendant's situation.

The court can only grant compassionate relief upon a motion submitted by the director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1). Defendant states that he has unsuccessfully applied for compassionate relief six times. (Dkt. # 36.) While the court is sympathetic to the plight of Defendant and his wife, unless and until the Bureau

of Prisons grants his application and files a motion, the court has no way of altering Defendant's sentence or releasing him. Accordingly,

IT IS ORDERED that Defendant's request, construed as a Motion for Resentencing, is DENIED.

                                                 s/Robert H. Cleland                    /
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: February 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2017, by electronic and/or ordinary mail.

                                               s/Shawna C. Burns                    /
                                               Case Manager Generalist
                                               (810) 984-2056

S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-20180.PLUMMER.resentencing.release.denial.TLH.docx